IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHELLY L. CRITZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 1:11cv761-WC |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff, Shelly L. Critzer, applied for supplemental security income benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq*. Her application was initially denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision in which he found Plaintiff not disabled. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c),

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-two years old at the time of the alleged disability onset date of January 1, 2006. Tr. 21. Plaintiff completed at least the seventh grade. *Id*. Plaintiff's past relevant work experience was as a "cashier," "painter," and "apartment manager." Tr. 25. Following an administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since December 8, 2008, the application date." (Step 1) Tr. 18. Plaintiff did engage in work activity in 2009, but it was not substantial. *Id*. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "[a] history of herniated disks, bipolar disorder, anxiety disorder, personality disorder and an history of substance abuse." *Id*. The ALJ then found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) Tr. 19. The ALJ determined that Plaintiff has the RFC "to perform less than the full range of light work as defined in 20 CFR 416.967(b). Specifically, she is limited to unskilled work." Tr. 20. The ALJ then found that Plaintiff is unable to perform past relevant work. (Step 4) *Id*. At Step 5, after consulting with the VE, the ALJ found that "considering [Plaintiff's] age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that [Plaintiff] can perform." Tr. 26. The ALJ identified the following occupations as examples: "garment bagger"; "parking attendant"; "photocopying machine operator"; and "cleaner housekeeper."

Tr. 26-27. Accordingly, the ALJ concluded that Plaintiff "has not been under a disability" since the application date was filed. *Id*.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents three issues for this court's consideration in review of the ALJ's decision. Plaintiff asserts that the decision should be reversed because: "the ALJ's finding that Ms. Critzer is capable of performing the mental demands of unskilled work is not supported by substantial evidence"; "the ALJ failed to afford proper weight to the medical opinion of Dr. Lopez, Ms. Critzer's treating psychiatrist, or consider the various factors in evaluating the opinion of a treating physician"; and "the ALJ's Residual Functional Capacity finding failed to include the required 'function-by-function' assessment." Pl.'s Br. (Doc. 12) at 3.

## V.   DISCUSSION

### A.   *Mental Demands & Rejection of the Physicians' Opinions*

Plaintiff's first two claims are interrelated. Plaintiff contends that the determination that she is capable of "performing the mental demands of unskilled work is not supported by substantial evidence." Pl.'s Br. (Doc. 12) at 3. Specifically, Plaintiff argues that "[t]he evidence of record from a treating psychiatrist and an examining psychologist documents Ms. Critzer's inability to perform the mental demands of any level of work activity." *Id*. at 6. The evidence of record to which Plaintiff refers, are the opinions of treating physician Dr. Lopez and consultive examiner Dr. Ghostley. *See id*. at 6-7. The ALJ rejected the

opinions of both doctors. Plaintiff argues that the ALJ erred in the rejection of those opinions. Thus, Plaintiff's contention is that the ALJ's improper rejection of the physician's opinions led to an improper determination that she could perform the mental demands of unskilled work. The court will discuss these first two claims together.

An ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *see Phillips*, 357 F.3d at 1240. "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41. Further, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding that the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight").

Despite Plaintiff's assertions to the contrary, the ALJ did clearly articulate his reasons for giving less weight to the opinions of doctors Lopez and Ghostley. As to Dr. Lopez, the ALJ explained:

> Dr. Lopez did not provide any explanation of the evidence relied on in forming his opinion. Although Dr. Lopez has a treating relationship with the claimant, the record reveals that actual treatment visits have been relatively infrequent. As discussed above, the claimant's treatment plan provided for the claimant to receive 15 minutes of physician medical assessment every three months. Three of the claimant's 6 sessions with Dr. Lopez, including her two most

> recent visits, lasted 15 minutes. (Exhibits l2F, l4F and l6F). The remaining three did not note the amount of time spent in the visit. (Exhibit l2F). The doctor's own reports are inconsistent with the marked impairments reported in his opinion. Dr. Lopez noted no abnormalities during the claimant's two most recent office visits. On December 3, 2009, Dr. Lopez described the claimant's appearance and affect as appropriate; her speech as normal; her behavior as relaxed, her mood as euthymic and her thought processes and perception as appropriate. (Exhibit l4F). On April 1, 2010, he described her appearance as groomed, her affect as appropriate, her behavior as relaxed, her mood as euthymic, her speech as normal, and her thought processes and perception as appropriate. (Exhibit l6F). Therefore, the undersigned has accorded Dr. Lopez's opinion little weight.
>
> Inconsistencies in a written statement by Dr. Lopez dated June 8, 2010 also render his opinion less persuasive. Dr. Lopez stated that the claimant stopped using alcohol and marijuana after she was prescribed medication and attended group therapy. (Exhibit l7F). However, the record shows the claimant was intoxicated after she began receiving both forms of treatment at Spectracare. (Exhibit llF). Dr. Lopez stated the claimant is "no longer drinking alcohol and smoking marijuana. Her impairments are due to her Axis I diagnoses." (Exhibit l7F). However, he did not indicate any changes in the claimant's Axis I diagnoses, which include Alcohol Abuse and Cannabis Abuse. (Exhibits l2F, l4F and l7F).

Tr. 24-25.  Thus, the ALJ articulated a lack of explanation for the opinion, infrequent visits, inconsistent treatment notes, and the inconsistencies of the written statement.  Plaintiff's brief does not attack the cause given by the ALJ.  Rather, Plaintiff merely asserts that the ALJ failed to properly evaluate Dr. Lopez's opinion by applying the appropriate factors.  Contrary to that assertion, as evidenced in the quotation above, the ALJ's decision and rejection of Dr. Lopez's opinion evidences that the ALJ appropriately applied the factors.

As to Dr. Ghostley, who was not a treating physician, the ALJ stated that he accorded the opinion "very little weight," because the opinion was not well defined, was inconsistent

with itself, was inconsistent with the evidence of record, and was reliant on Plaintiff's unreliable subjective complaints. Tr. 23-24. Thus, the ALJ articulated his reasons for discounting the opinion of Dr. Ghostley and the court finds the ALJ's determination to be supported by substantial evidence.

As the court finds the ALJ's rejection of the doctors' opinions is without error, the court also finds that Plaintiff's first claim, regarding the ALJ's determination that she is capable of performing the mental demands of unskilled work, is without merit. Outside of the rejection of the doctors' opinions, the court finds that Plaintiff failed to carry her burden of proof to establish that any mental impairment from which she suffered would preclude her ability to engage in unskilled labor as stated in the RFC. *See Graham*, 129 F.3d at 1422 ("The Social Security Act mandates that 'findings of the Secretary as to any act, if supported by substantial evidence, shall be conclusive.'").

### B.     *The RFC Determination*

Here, Plaintiff argues that the ALJ erred "in failing to perform the required 'function-by-function' assessment which was legal error requiring Ms. Critzer's case be remanded in order for a 'function-by-function' assessment to be performed." Pl.'s Br. (Doc. 12) at 14. The court does not agree.

Within the RFC announcement, the ALJ discussed the evidence of record and clearly stated his reasons for the RFC. The ALJ found that Plaintiff could perform less than the full range of light work, and specified that the limitation was to unskilled work. Tr. 20. The ALJ

9

went on, over the next five and one-half pages, to discuss the evidence of record and to explain his determination. The ALJ is not required to "'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole." *Castel v. Comm. of Soc. Sec.*, 355 F. A'ppx 260, 263 (11th Cir. 2009) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam). The ALJ discussed Plaintiff's back and neck limitations, her range of motion, ability to squat, range of motion, ability to walk, etc . . . . *See* Tr. 21-22. Whether or not the ALJ specifically mentioned each work-related activity is no matter, where the ALJ limited Plaintiff to less than the full range of light work, and then specified what that limitation was and that decision is supported by substantial evidence. *See e.g., Carson v. Comm. of Soc. Sec.*, 440 F. A'ppx 863, 864 (11th Cir. 2011) ("While, the ALJ did not specifically refer to [plaintiff's] ability to walk or stand, the ALJ did limit [plaintiff's] exertional level of work to 'light work.'"); *Castel*, 355 F. A'ppx at 263 (rejecting plaintiff's contention that the ALJ erred by not completing a "function-by-function analysis," where the RFC was based on substantial evidence).

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 7th day of February, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE